IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY MCCOMB <br> 1406 Sheridan Street, N.W., <br> Washington D.C. 20011 <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> 441 4th Street, N.W., <br> Washington D.C. 20001 <br><br> Serve: <br> Mayor Vincent C. Gray <br> Attorney General Irvin B. Nathan <br><br> and <br><br> CHIEF CATHY L. LANIER <br> Metropolitan Police Department <br> 300 Indiana Avenue, N.W., <br> Washington D.C. 20001 <br> Individually and in her official capacity <br><br> and <br><br> OFFICER J. P. ROSS <br> Metropolitan Police Department <br> 300 Indiana Avenue, N.W., <br> Washington D.C. 20001 <br> Individually and in his official capacity <br><br> and <br><br> OFFICER HOOVER <br> Metropolitan Police Department <br> 300 Indiana Avenue, N.W., <br> Washington D.C. 20001 <br> Individually and in his official capacity <br><br> and <br><br> OFFICER PARKER | Case No.: 14 – cv - 133 |

1

| | |
|---|---|
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W., | ) |
| Washington D.C. 20001 | ) |
| Individually and in his official capacity | ) |
| | ) |
| and | ) |
| | ) |
| LIEUTENANT AVERY | ) |
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W., | ) |
| Washington D.C. 20001 | ) |
| Individually and in his official capacity | ) |
| | ) |
| and | ) |
| | ) |
| UNNAMED OFFICERS | ) |
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W., | ) |
| Washington D.C. 20001 | ) |
| Individually and in his official capacity | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Ricky McComb, Plaintiff, by and through, Brian K. McDaniel, Esq., and McDaniel & Associates, P.A., brings this action against the Defendants, District of Columbia, Chief Cathy L. Lanier, Officer J. P. Ross, Officer Hoover, Officer Parker, Lieutenant Avery and Unnamed Officers alleging the following:

I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

2. This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

2

3. On January 2, 2014, Plaintiff Ricky McComb, pursuant to D.C. Code 12-309 provided notice written notice to Defendant, District of Columbia, of his intent to sue based on the incident which is the basis of this Complaint. Attached to this Complaint is a copy of said notice. Even though this notice was given outside the six (6) month time period as set forth in D.C. Code 12-309, there was a police report completed in relation to this matter which also suffices as notice to the Defendants.

4. Venue is placed in the District of Columbia because that is where the Plaintiff, Ricky McComb, resides, where the Defendants are employed, and where the events complained of occurred.

II.    PARTIES

5. The Plaintiff, Ricky McComb, now and at all times relevant to this claim has been a resident of the District of Columbia.

6. Defendant, Officer J. P. Ross, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

7. Defendant, Officer Hoover, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

8. Defendant, Officer Parker, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

9. Defendant, Lieutenant Avery, who is sued in his individual and official capacities, is now, and was at all relevant times, a lieutenant in the District of Columbia Metropolitan Police Department.

10. Defendant, Chief Cathy L. Lanier, who is sued in both her individual and official capacities, is now, and was at all relevant times, Chief of the District of Columbia Metropolitan Police Department. Chief Cathy L. Lanier has ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department.

11. At all times relevant to this action, the Defendant Police Officers and Police Chief were acting under the color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

12. Defendant, District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department (hereafter "MPD") and is being sued for the unlawful actions of MPD.

III.   STATEMENT OF FACTS

13. Plaintiff, Ricky McComb, lives at 1406 Sheridan Street, N.W., Washington D.C. 20011.

14. On February 1, 2013, at approximately 4:30 pm, Mr. McComb exited the #70 Metro Bus at 7th and S Street, in Northwest Washington D.C. and proceeded to walk across the street to "Elbows", an Ethiopian Market.

15. A short time later, after leaving "Elbows, Mr. McComb was stopped by Officer Ford at which time Officer Ford ordered Mr. McComb to "Come here!" and further

stated "I think you have a warrant." Mr. McComb then responded to Officer Ford "Man, just check."

16. At that point, Officer Ford's partner, an older black female officer with short black and grey haircut placed Mr. McComb in handcuffs while Officer Ford radioed Officer J.P. Ross to come to the scene. Officer J. P. Ross arrived on the scene in a police cruiser.

17. Upon his arrival on the scene, Officer J. P. Ross searched Mr. McComb. The search of Mr. McComb revealed a ring, brown glasses, a scarf, a phone, a cell phone case, keys, wallet and $771.00 in U.S. currency but no contraband.

18. Subsequent to the search, Mr. McComb was transported to the Third District police station by an unidentified Hispanic officer. At the Third District police station, Officer J. P. Ross informed Mr. McComb that he was going to be stripped searched.

19. Upon learning of the strip search, Mr. McComb stated " S***, what if somebody strip search you, that is disrespectful, someone messing with your manhood." Another unnamed officer that was in the area replied, "Man, don't feel bad I had two cavity checks two times in one week."

20. Mr. McComb requested to use the bathroom but Officer J. P. Ross stated in response, "Man, you hiding something?" To which Mr. McComb replied "No!" Officer J. P. Ross then stated, "Everybody from your area hides belongings in their ass." Mr. McComb informed that Officer J. P. Ross had never arrested him.

21. Officer J. P. Ross then called Officer Hoover to assist in the strip search of Mr. McComb. However, upon Officer Hoover's arrival, he informed Officer J. P. Ross that

5

there needed to be approval before a strip search could be conducted. Officer Hoover then located Lieutenant Avery to get the authorization.

22. Lieutenant Avery came back with Officer Hoover to Mr. McComb's location at the police station. Upon seeing Mr. McComb, Lieutenant Avery stated, " we can do it or you can do it yourself." Mr. McComb then replied, "What if I strip searched you?" Officer Hoover responded, "I have no problem with it."

23. Once Lieutenant Avery authorized the strip search, Officers J. P. Ross, Parker, Hoover and Lieutenant Avery took Mr. McComb into the strip search room.

24. Once in the room, Officer J. P. Ross lowered Mr. McComb's jeans while Officers Hoover and Parker held Mr. McComb's arms.

25. Officer J. P. Ross then put on purple latex gloves and then stated, "I see it, I see it" and proceeded to jam his index finger into Mr. McComb's anus. Officer J. P. Ross inserted his index finger into the anus of Mr. McComb, wiggling his finger around in his anus.

26. Officer J. P. Ross anally penetrated Mr. McComb at least three times with his index finger.

27. While Officer J. P. Ross was anally penetrating Mr. McComb with his index, Mr. McComb shouted that, "I will never say anything to you again Officer Ross!"

28. Officers J. P. Ross, Hoover, Parker and Lieutenant Avery all laughed at Mr. McComb when he made the exclamation noted in paragraph 27.

29. During the ordeal, Mr. McComb cried as a result of the humiliation he felt during and after the strip search caused by the conduct of the named and unnamed officers and Lieutenant Avery.

30. For the duration of this abhorrent incident, Lieutenant Avery sat at a desk in the strip search room and observed the entire incident without putting a stop to the actions of the officers.

31. After Officer J. P. Ross finished assaulting Mr. McComb, he pulled up Mr. McComb's jeans and had him sit in a chair and searched Mr. McComb's clothes.

32. Officer J. P. Ross counted the money that was recovered from Mr. McComb and initially asked if Mr. McComb would like the money back. However, Lieutenant Avery informed Officer J. P. Ross that the money would have to be placed "on the Prisoners Property."

33. Mr. McComb was taken to the cell.

34. A short while later, an unidentified Lieutenant asked if Mr. McComb needed to go to the doctor. Mr. McComb confirmed that he did want to go to the hospital because he had pains in his stomach and anus.

35. Mr. McComb was taken to Howard University Hospital for treatment.

36. At the time of Mr. McComb's assault, he was not committing any crimes and was obeying all laws.

37. This vicious, unwarranted and unprovoked assault was conducted in the presence of a number of officers named and unnamed in this Complaint.

38. As a result of these abhorrent actions of these officers, Mr. McComb has experienced and continues to experience both physical and emotional trauma.

    IV.    FIRST CAUSE OF ACTION

**Civil Rights Claims under 42 U.S.C. § 1983**

39. Plaintiff, Mr. McComb, hereby reasserts paragraph 1-38 of this Complaint, as though fully set forth herein.

40. At no time relevant to this action did the Plaintiff, Mr. McComb, engage in any criminal act.

41. At no time relevant to this action did the Officers have probable cause to detain, search or arrest the Plaintiff, Mr. McComb.

42. The officers, as MPD officers, had a duty to protect the Plaintiff, Mr. McComb, from the deprivation of rights visited upon him by the Officers named and unnamed in this Complaint.

43. Officer J. P. Ross' act of anally penetrating Mr. McComb with his index finger, Officers Hoover's and Parker's act of holding the arms of Mr. McComb and Lieutenant Avery's act of idly standing by and failing to protect Mr. McComb from the acts of the other officers, directly and proximately subjected Mr. McComb to the deprivation of his rights guaranteed by the United States Constitution and 42 U.S.C. § 1983 in the following ways:

   a. The detention of Mr. McComb in order to anally penetrate him without probable cause to do so by the officers named in this Complaint deprived Mr. McComb of his right to be secure in his person from unreasonable seizures in violation of the Fourth Amendment.

   b. The digital penetration of the anus of Mr. McComb by Officer J. P. Ross with the assistance of Officers Parker, Hoover, and Lieutenant Avery, without probable cause to do so deprived Mr. McComb of his right to be secure in his person from unreasonable searches in violation of the Fourth Amendment.

   c. The digital penetration of the anus of Mr. McComb by Officer J. P. Ross with the assistance of Officers Parker, Hoover, and Lieutenant Avery deprived Mr. McComb of his right to liberty without due process of law, in violation of the Fifth Amendment.

   d. The detention of Mr. McComb in order to conduct the digital penetration of Mr. McComb's anus without probable cause to do so by Officer J. P. Ross with the assistance of Officers Hoover, Parker and Lieutenant Avery deprived Mr. McComb of his right to peaceably assemble in violation of the First Amendment.

44. At all times relevant to this matter, Defendant officers:

   a. wore the apparel of the District of Columbia MPD;

   b. used the resources and property of the MPD;

   c. were on active duty as officers of the MPD;

   d. acted under their authority of the MPD; and

   e. acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

45. The Officers and Lieutenant Avery knew or intended or should have known that their acts would violate Mr. McComb's Constitutional rights.

46. Mr. McComb is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

47. Mr. McComb is further entitled to punitive damages to punish the Officers for their knowing and intentional misconduct in violating his Constitutional rights.

## V.     SECOND CAUSE OF ACTION

**Assault**

48. Plaintiff hereby asserts paragraph 1-46 of this Complaint, as though fully set forth herein.

49. Plaintiff, Mr. McComb, was in fear of imminent bodily harm when Officer J. P. Ross with the assistance of Officer Hoover, Parker and Lieutenant Avery led Mr. McComb into the strip search room located at the Third District police station at 1620 V Street, N.W., Washington D.C. 20009, where Officer J. P. Ross lowered Mr. McComb's pants and underclothes and put on purple latex gloves.

50.  Officer J. P. Ross with the assistance of Officers Hoover, Parker, and Lieutenant Avery intentionally threatened Mr. McComb with imminent bodily harm when Officer J. P. Ross stated, "Man, you hiding something?", and "Everybody from your area hides belongings in their ass!", followed by Lieutenant Avery saying "We can do it or you can do it yourself." In essence, the officers indicated that they would conduct the search if Mr. McComb did not produce the contraband that the officers accused him of possessing.

51. Due notice under all applicable statutes has been provided to the Defendants.

52. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. McComb is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

53. The intentional and malicious actions of Officer J. P. Ross with the assistance of Officers Hoover, Parker and Lieutenant Avery are the direct cause for the injuries described above. Mr. McComb is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

VI.    <u>THIRD CAUSE OF ACTION</u>

**Battery**

54. Plaintiff hereby reasserts paragraph 1-52 of this Complaint as though fully set forth herein.

55. MPD officers and Lieutenant Avery engaged in harmful and offensive contact of Mr. McComb by digitally penetrating his anus and otherwise injuring him without probable cause to search.

56. The actions of Officer J. P. Ross caused Mr. McComb serious physical and emotional injuries.

57. Due notice under all applicable statutes has been given to defendants.

58. The actions of the MPD Officers and Lieutenant Avery are the direct cause of the injuries described above. Mr. McComb is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

59. The intentional and malicious actions of Officer J. P. Ross with the assistance of Officers Hoover, Parker and Lieutenant Avery are the direct cause for the injuries described above. Mr. McComb is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

VII.    <u>FOURTH CAUSE OF ACTION</u>

**Conspiracy – Police Officers**

60. Plaintiff hereby reasserts paragraphs 1-58 of this Complaint as though fully set forth herein.

61. Officers J. P. Ross with the assistance of Officers Hoover, Parker, and Lieutenant Avery by their actions and through common design on February 1, 2013 unlawfully conspired to assault and batter Mr. McComb.

62. As a result of the conspiracy, Mr. McComb suffered physical and emotional injury and was deprived of his Constitutional and common law rights.

63. Mr. McComb is therefore entitled to monetary damages to compensate him for all of his injuries.

## VIII.   FIFTH CAUSE OF ACTION

**Negligence – Police Officers**

64. Plaintiff hereby reasserts paragraphs 1-62 of this Complaint as though fully set forth herein.

65. On February 1, 2013, Officer J. P. Ross with the assistance of Officers Hoover, Parker and Lieutenant Avery during the course and scope of their employment by the District of Columbia negligently caused the assault and battery of Mr. McComb.

66. The officers had a continuous duty to exercise due care in the arrest of Mr. McComb to insure that he was not subjected to unnecessary injury.

67. Defendants breached their duty of due care and negligently caused injury to Mr. McComb.

68. As a result of the MPD Officers and Lieutenant Avery, Mr. McComb suffered and continues to suffer from emotional distress and psychological trauma.

69. Mr. McComb is therefore entitled to recover money damages to compensate for his pain and suffering and emotional distress which the MPD Officers and personnel inflicted on him.

IX.     SIXTH CAUSE OF ACTION

**False Imprisonment – Police Officers**

70. Plaintiff hereby reasserts paragraph 1-68 of this Complaint as though fully set forth herein.

71. Defendant Officers and Lieutenant Avery did intentionally obstruct and detain Mr. McComb over his continual objection when the MPD Officers and Lieutenant Avery led him into the strip search room, lowered his jeans in preparation for a cavity search,

72. Mr. McComb reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of the three MPD officers and Lieutenant Avery in conjunction with the fact that Mr. McComb was in handcuffs while the detention was taking place.

73. Defendant Officers and Lieutenant Avery should therefore be held liable for the false detention of Mr. McComb and pay appropriate damages for the violation of his Constitutional and common law rights.

X.      SEVENTH CAUSE OF ACTION

**Respondeat Superior – District of Columbia**

74. Plaintiff hereby reasserts paragraphs 1-72 of the Complaint as though fully set forth herein.

75. At all relevant times during the circumstances described in the Complaint, the Officers and Lieutenant Avery were acting within the scope of their official duty as Police Officers and employees of the District of Columbia.

76. The District of Columbia should therefore be held liable for the common law claims against the Defendant Officers and pay appropriate damages to Mr. McComb.

XI.    <u>EIGHTH CAUSE OF ACTION</u>

**Negligent Training and Supervision – District of Columbia and Chief Cathy L. Lanier**

77. Plaintiff hereby reasserts paragraph 1-75 of this Complaint as though fully set forth herein.

78. On or before February 1, 2013, the District of Columbia and the MPD Chief Cathy L. Lanier were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

79. The District of Columbia and Chief Cathy L. Lanier recklessly and without regard for the rights of others breached their duty to properly train, supervise, investigate and correct the improper actions of its employee police officers.

80. The District of Columbia and Chief Cathy L. Lanier's disregard for the rights of others, in particular those of Mr. McComb was the direct and proximate cause of the substantial injuries Mr. McComb sustained.

81. As a result of the District of Columbia's and Chief Cathy L. Lanier's failure to act, Mr. McComb endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

82. Mr. McComb is therefore entitled to money damages to compensate for all of his injuries.

XII.    <u>NINTH CAUSE OF ACTION</u>

**Intentional Infliction of Emotional Distress**

83. Plaintiff hereby reasserts paragraphs 1-81 of this Complaint as though fully set forth herein.

14

84. Defendant Officers and Lieutenant Avery intentionally assaulted and battered Mr. McComb and acted with intentional and/or reckless disregard for his rights.

85. As a result of the Defendant Officers' intentional and/or reckless acts, Mr. McComb suffered and continues to suffer severe emotional distress.

86. Mr. McComb is therefore entitled to monetary damages to compensate him for his emotional injury.

87. Mr. McComb is further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward him.

XIII.   RELIEF REQUESTED

WHEREFORE, Plaintiff Ricky McComb hereby sues Defendants, the District of Columbia, Chief Cathy L. Lanier, Officer J. P. Ross, Officer Hoover, Officer Parker and Lieutenant Avery and claims the sum of:

1) pecuniary damages to fully compensate Plaintiff for medical and psychiatric treatment necessitated by Defendants acts;

2) compensatory damages in excess of $500.000;

3) punitive damages in the amount of $5,000,000;

4) attorneys fees per 42 U.S.C. § 1983; and

5) any other relief which this Court decides is necessary in the interest of justice.

XIV.   JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

  /s/ Brian K. McDaniel  
Brian K. McDaniel, Esq. [452807]  
McDaniel & Associates, P.A.,

15

1025 First Street, S.E.,
Suite 1413
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004
